Kevin R. Anderson (4786)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Sarah L. Olson (14006)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:  (801) 596-2884
Facsimile:   (801) 596-2898
Email: kratrusteemail@ch13kra.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In re:<br><br>JAMES O HERMAN<br><br>Debtor. | Case No. 15-20236<br>Chapter 13<br>Hon. R. Kimball Mosier<br>(Confirmation Hearing: *03/31/15 at 11:00 AM*) |
|---|---|

## TRUSTEE'S OBJECTION TO CONFIRMATION

This is an above-median case and the Debtor's plan provides for payments of $883.00 to return $0.00 to nonpriority unsecured creditors. Kevin R. Anderson, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

1. The Trustee has filed a Motion to Dismiss in this case. Pursuant to Local Rule 2083-1(f), you must file an objection to this with the bankruptcy court within 21 days after service of the motion, or the bankruptcy court clerk must enter an order dismissing the case. Unless otherwise directed by the court, this motion will be heard at the confirmation hearing.

2. The Debtor failed to timely provide the Trustee with copies of their state and federal income tax returns for the most recent tax year, which is 2013 (see § 521(e)(2)(A)(i), FED. R. BANKR. P. 4002(b)(3), and Local Rule 6070-1(c)(2)).

3. The Trustee requests the Debtor provide proof that they are making post-petition monthly mortgage payments consistent with Schedule J and paragraph 6(d) of the plan.

4. The Trustee requests the Debtor provide an explanation as to the deposits of $1,200 on 1/9/15, $219 on 1/28/15, and $155 on 2/2/15 and cash withdrawal of $1,600 on 1/15/15 from Wells Fargo account ending 3091.

5. The Debtor should disclose savings account 2636 and provide statement.

6. The payment advices required by § 521(a)(1)(B)(iv) show <u>more</u> income than is reported on Schedule I. According to the 60-days of payment advices, the Debtor's gross income is $8,697; however, Schedule I provides for gross income of $8,029.

7. It appears that the gross income listed on Form 22C-1 does not include all of the Debtor's household income received during the six-month "look-back" period of § 101(10A). The Debtor's sister is contributing funds towards household expenses; however, the Debtor has claimed the entire amounts on the IRS Standards of Form 22C-2 without including any income.

8. Schedule B does not disclose all assets – including partition and/or claim for reimbursement against real property co-owner Julie Herman for maintenance costs including mortgage, taxes and maintenance totaling $1,948 – Ms. Herman portion at $974. Ms. Herman is only contributing $175 for the maintenance costs on the real property. The Debtor should provide evidence of the last time Ms. Herman contributed 50% to the maintenance costs associated with the real property.

9. A chain of title report on the real property retrieves only a $40,000 mortgage being recorded on February 24, 2005. The Trustee requests substantiation of the debt listed on Schedule D for Chase in the amount of $148,559.

10. The Trustee requests an appraisal or substantiation of value of the 2000 Featherlite LQ 4 Horse Trailer.

11. Schedule B does not disclose Nevada State Bank account number 7998. The Debtor should provide bank statements for July 2014 – December 2014.

12. The Trustee reserves best interest of creditors objection until the previous documents are provided.

13. The Debtor is not complying with the disposable income requirements of § 1325(b). According to the Trustee's calculations on Form 22C-2, the Debtor has Monthly Disposable Income of $539.96 that requires a total return of $32,397.60 to nonpriority unsecured creditors. However, the Debtor's plan only proposes a return of $0.00. In support of this objection, the Trustee argues that the following lines of Form 22C-2 claim an improper deductions under § 707(b)(2):

   a. Line No. 9b (the ongoing mortgage payments according to Schedule J is $1,254.90 for Chase – the Trustee objects to this deduction if the mortgage is not recorded on the real property);

   b. Line Nos. 22 and 25 (the Debtor's Schedule J provides for $200 in medical and dental expenses; Line No. 7 provides for $60 for an IRS Standard deduction; therefore Line No. 25 should be reduced to $140 and Line No. 22 should be eliminated as the Debtor does not exceed the amounts deducted in health savings);

   c. Line No. 23 (the Debtor should establish that the deduction does not include payments for basic home telephone, internet and cell phone service);

d. Line No. 33d (if the Debtor is allowed to retain the trailer, the amount should be limited to $176 which is the current secured debt at 5% interest amortized over 60-months);

e. Line No. 36 (the Debtor's plan provides for payments of only $883);

f. Line No. 46 (this should include an increase in income of at least $350 as Schedule I provides for a known and virtually certain increase in income).

THEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the Trustee's objection by the confirmation hearing, the Trustee will move to dismiss or convert this case.

DATED: March 3, 2015.

/s/ Tami Gadd-Willardson
TAMI GADD-WILLARDSON
Attorney for Chapter 13 Trustee

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 3, 2015, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

DAVID M. COOK
ECF NOTIFICATION

The undersigned hereby certifies that on March 3, 2015, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

JAMES O HERMAN
13836 S. 2200 W.
BLUFFDALE, UT 84065

/s/
Office Chapter 13 Trustee

4