David M. Cook (7043)
Attorney for the Debtor
716 East 4500 South, Ste. N240
Salt Lake City, UT 84107
Phone: (801) 264-0699
E-mail:  cook@utlawyer.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| IN RE:  James Herman,<br><br>13836 S. 2200 W., Bluffdale, UT 84065<br>Last four digits of Social Security No: xxx-xx-3282<br>　　　　　　　　　　Debtor. | Bankruptcy No. 15-20236<br>Chapter 13<br>Filed Electronically |

**Debtor's Response and Objection to Trustee's Motion to Convert Case to Chapter 7 or Motion to Dismiss with Prejudice under 11 U.S.C. §105(a) as the Debtor Has Participated in a Scheme to Delay, Hinder or Defraud Creditors under 11 U.S.C. §362(d)(4)**

Debtor, by and through undersigned counsel, David M. Cook, hereby responds and objects to the Trustee's Motion to Convert Case to Chapter 7 or Motion to Dismiss with Prejudice under 11 U.S.C. §105(a) as the Debtor Has Participated in a Scheme to Delay, Hinder or Defraud Creditors under 11 U.S.C. §362(d)(4) as follows:

**INTRODUCTION**

The Chapter 13 Trustee has filed a Motion and supporting Memorandum with some material omissions, factual errors, mis-statements of fact, primarily centered upon the Chapter 13 Trustee's mistaken assumption that equity exists in Debtor's interest in the real estate located at 13836 S. 2200 W., Bluffdale, UT 84065. The value of this asset on the date of filing on Schedule A of  $297,490.00 in which Debtor had a one-half interest was $148,745.00. That interest is

secured to Chase Bank for $206,773.38 (Proof of Claim No. 9) and to American Loan Servicing for $41,370.27 (Proof of Claim No. 5). The Trustee has mistakenly relied upon a Salt Lake County Recorder print out to argue that the mortgage in favor of Chase Home Mortgage is not secured. Tthe report upon which the Trustee relies is not an actual title search of all documents of public record for the property. That report is not evidence of the secured interest by Chase. The Trustee has disregarded Proofs of Claim Nos. 4 and 9 of record in this case which contain copies of each of the respective mortgage lien holders' first and second Trust Deeds. The Trustee has refused to recognize copies of the Trust Deed of record that was provided to the Chapter 13 Trustee in favor of Chase Bank which was recorded in the office of Salt Lake County Recorder as Entry No. 9307175 in Book 9097 at Pages 9007-9018 (copy attached as Exhibit A). This was uploaded to the office of Chapter 13 Trustee several times via Citrix SharedFile receipts May 22, 2015, as 15-20236 (JP Morgan Chase Bank Recorded Trust Deed)_765.pdf, May 22, 2015, as 15-20236 (Secured Proof of Claim No. 9 JP Morgan Chase Bank)_765.pdf and August 7, 2015, as 15-20236 (Copies of Two Recorded Trust Deeds)_765.pdf.

Based solely upon that misunderstanding and an incomplete summation of Debtor's prior bankruptcy filings, the Trustee has requested that this case, in which Debtor has proposed a Plan to repay general unsecured creditors 100% with interest, be either converted to one under Chapter 7 in which there is little or no equity in any estate to administer which would yield nothing to the unsecured, or alternatively that the case be dismissed with a lock out to Debtor filing another case with an *in rem* injunction as to foreclosure on the subject property which would allow Chase Bank to foreclose. All other creditors would receive nothing under this suggested alternative.

**FACTS**

1. Debtor admits the allegations of paragraphs 1, 2, 3, 4, 5, 8, 9, 17, 19, 20, 22, 25, 26 and 28 of the Trustee's allegations of Facts.

2. Debtor admits the allegations of paragraph 6 of the Trustee's allegations of Facts that the amounts recited therein were set forth on Debtor's initial Schedule D filed at Docket No. 3 herein, but affirmatively alleges the true and correct amounts of the first and second mortgages are the amounts set forth on Proof of Claim No. 5 for $41,370.27 and Proof of Claim No. 9 for $206,773.38.

3. Debtor admits that Debtor has had four prior bankruptcy filings recited in paragraph 7 of the Trustee's allegations of Facts and that his sister had one prior filing recited in paragraph 9, but affirmatively alleges the Trustee critically omitted the material fact that Debtor and his sister have together paid in $91,789.00 in these respective cases as follows:

| Case No.: | Amount Paid: |
|---|---|
| 09-33032 | $10,270.00 |
| 10-35205 | $26,772.00 |
| 12-22856 | $2,783.00 |
| 12-29795 | $48,581.00 |
| 12-30334 filed by Julie Herman | $3,383.00 |
| Total Paid | $91,789.00 |

4. Debtor generally denies the allegations of paragraphs 10, 11, 12, 13 and 14 of the Trustee's allegations of Facts and affirmatively alleges the actual facts therein stated are not entirely accurate and that all the characterizations made by the Trustee of those allegations regarding Debtor's sister's payments of household expenses are false and that

it is further nonsense to claim that Debtor has any claim against his sister for contributing toward payment of household expenses or that he has any claim for reimbursement from her for services she renders for him and bills that she pays for him. These allegations are all based again upon the fundamentally erroneous premise that if such a specious claim existed, it is based upon the Trustee's incorrect record of title leading to the inaccurate conclusion stated by the Trustee in paragraph 14 that "The Bluffdale Property has substantial equity above the mortgages that could be surcharged for Julie Herman's reimbursement charges."

5. Debtor admits the allegations of paragraph 15 of the Trustee's allegations of Facts that the Trustee requested proof he has been making post-petition mortgage payments and that he has provided the same to the Trustee. Debtor further affirmatively alleges proof was requested and was previously provided and has again been provided showing the payments that were made. This is moot in any event inasmuch as Debtor has proposed to surrender his interest and as the Debtor indicated in the Amended Schedule I and J filed August 19, 2015, at Docket No. 53, to the extent any post-petition was not made by his sister, if any, as set forth on Schedule I, then that non-payment would simply not constitute income for which the corresponding expense listed on Schedule J for an expense also would zero out so that the next change to disposable income is zero, having no effect on Plan payment.

6. Debtor admits the allegations of paragraph 16 of the Trustee's allegations of Facts that JP Morgan Chase filed a Proof of Claim in this case on the Bluffdale property more than four times total than the claim in the 2009 case but denies the remainder of the

allegations of that paragraph. Debtor affirmatively alleges that Proof of Claim No. 9 in this case in the amount of around $69,000.00 contains other fees and additions, not actual missed mortgage payment amounts, which although the mortgage arrearage portion itself is more than the arrearage six years ago in 2009, disregards the significant amount of payments made in those years.

7. Debtor denies the allegations of paragraphs 17, 18, 19, 20 and 21 of the Trustee's allegations of Facts regarding Debtor's residence for the property in which in he currently has a legal interest set forth on his Petition (Docket No. 1) and the characterization of the allegations of Debtor's June 9, 2015 Declaration filed at Docket No. 41. None of Debtor's earnings in 2012, 2013 and 2014 were earned in Utah. Debtor affirmatively alleges first that the deadline for objecting to a claim of exemption has long passed pursuant to *Taylor v. Freeland & Kronz*, 503 U.S. 638 (U.S. 1992), but secondly, and more significantly, both the title and content of Debtor's Docket No. 41 Declaration is "Declaration of Non-residence in Utah in 2012, 2013 and 2014 for ***Tax Purposes*** [Emphasis added]" which is, as a matter of law, a very different definition than the definition of an exempt residence. Debtor is further acquiescing in the State Tax Commission's and Trustee's requirement that he file Utah State income tax returns for the applicable years even though the income was not earned in Utah and is doing so inasmuch as he claims an ownership interest in and intent to return to a Utah residence.

8. Debtor denies the allegations of paragraphs 22, 23 and 24 of the Trustee's allegations of Facts that a title report from the Salt Lake County Recorder's office not purporting to legally be a "chain of title" to begin with is either a correct summation of all documents

of record for this particular parcel and affirmatively factually is not. The actual document attached to Proof of Claim No. 9 is better evidence than the Trustee's mistaken Exhibit A list. The actual chain of title of recorded documents on this parcel No. 33-04-426-021 located at 13836 South 2200 West, Bluffdale, Utah 84065 which is Debtor's legally owned home which he intends to return to occupy, includes the Deed of Trust attached to Proof of Claim No. 9 sent to the Chapter 13 Trustee several times appearing of record in the office of Salt Lake County recorder at Entry No. 9307135 in Book 9097 at Pages 9007-9018.

9. Debtor denies the allegations of paragraph 27 of the Trustee's allegations of Facts that there exists any delinquency in Plan payments and affirmatively alleges all payments are current including the payment of $1,200 for August, 2015 which was provided to Counsel on August 25, 2015.

10. Debtor denies the allegations of paragraph 27 of the Trustee's allegations of Facts and affirmatively alleges such provision appears more typically in a Motion to Approve Sale. Again, there is no equity to turn over beyond Debtor's homestead exemption.

**ARGUMENT.**
**DEBTOR HAS NOT ENGAGED IN ANY MISCONDUCT AND IT WOULD NOT BE IN THE BEST INTEREST OF CREDITORS TO EITHER CONVERT THIS CHAPTER 13 CASE IN WHICH ALL CREDITORS WILL BE PAID IN FULL PLUS INTEREST TO EITHER A CHAPTER 7 IN WHICH AT MOST ONLY THE MORTGAGE CREDITORS WILL BE PAID IN FULL OR TO DISMISS THE CASE IN WHICH ONLY ONE CREDITOR HAS A REMOTE PROSPECT AFTER FORECLOSURE OF BEING PAID IN FULL AND ALL OTHER CREDITORS WOULD BE PAID LITTLE OR NOTHING.**

The Trustee's Motion to Dismiss or Convert fails under the plain language of the statute.

11 U.S.C. §1307 (which is discretionary[1]), which is the basis for a dismissal or conversion of a chapter 13. The Trustee asserts some alternate bases under 11 U.S.C. §§105(a) and 362(d)(4). Case law is clear and was characterized as "hornbook law" that 11 U.S.C. §105(a) is not available as a basis for a court order when some other statutory provision directly on point applies, *Law v. Siegel*, 571 U.S. ___ (U.S. 2014), namely that other provision being the one actually argued by the Trustee, 11 U.S.C. §1307(c).

As somewhat inaccurately stated by the Trustee, there are two prongs that must be addressed when determining whether to grant a conversion under § 1307: 1) whether cause exists to dismiss or convert; and 2) that either dismissal or conversion is in the best interest of the creditors. Section 1307(c) provides a non-exclusive list of what constitutes cause for dismissal or conversion from chapter 13 to chapter 7. The Trustee has made two allegations of cause, one listed and one not - unreasonable delay prejudicial to creditors (11 U.S.C. §1307(c)(1)), and conduct in bankruptcy papers. No allegation of bad faith was alleged, which is the only basis for not going through the two step analysis of there being both cause and conversion/dismissal being in the best interest of creditors under §1307 pursuant to *In re Gier*, 986 F.2d 1326 (10th Cir. 1993).[2]

Neither of the Trustee's allegations measure up to a single finding of "cause" when actually closely examined. The Trustee's allegation of prejudicial delay is primarily centered only

---

[1] "[T]he court ***may*** convert a case under this chapter to a case under chapter 7 of this title, or ***may*** dismiss a case under this chapter [emphasis added]."

[2] That case further requires that to make a bad faith determination, the *Boulden v. Flygare*, 709 F.2d 1344 (10th Cir. 1983) factors are required to be analyzed, none of which have been alleged.

upon the purported inability of JP Morgan Chase to foreclose, but which they could have done at any time in these past years had this been this creditor's desire pursuant to the explicit provisions allowing the same in 11 U.S.C. §362. The Trustee's summary of Debtor's and Debtor's sister's prior cases reflects nothing whatsoever about Debtor's or his sister's financial circumstances in each case, the amount of payments made under their respective Plans and toward mortgages, the proportion of actual compliance and intent to comply with Plan provisions, etc. These would be required to be analyzed to make any finding of a willful disregard of Plan provisions.

An important omitted feature in this analysis is that Debtor's counsel in his prior Case No. 12-29795 never informed Debtor that first mortgage holder Chase had failed to file a proof of claim and therefore none of the Chapter 13 payments which totaled $48,581.00 in that case, were applied to reduce the mortgage arrearage of JP Morgan Chase and Debtor had assumed they were. Instead, those funds were applied to fees and unsecured claims. Had Debtor known any of this, action would have been taken to remedy that defect. Had the payments Debtor believed were reducing the mortgage arrears been so applied, the current arrearage amount itself in this case would be zero rather than the $34,996.50 identified on page 4 of 27 of Proof of Claim No. 9. All of this is moot because the Debtor is surrendering the home in the plan and will try to sell the home to protect his homestead exemption. In summary, the unsecured creditors in the last case received much more than they would have if Chase had filed a proof of claim. Now, in this case, Debtor proposes to pay 100% of those unsecured claims plus interest.

The more critical failure of this Motion is the important requirement that such dismissal or conversion be "in the best interests of creditors." The Trustee's entire analysis is based upon the fundamentally flawed premise, set forth above, that there exists any equity in Debtor's

interest in real estate which could be distributed to any creditor apart from the first mortgage holder, JP Morgan Chase. The Trustee's calculation disregards costs of sale by a liquidation trustee or through foreclosure. American Home Loan Servicing is only partially secured against Debtor's interest. All other general unsecured creditors would receive nothing in either a chapter 7 or in the event of a dismissal and imposition of additional costs incurred by JP Morgan Chase to foreclose after a dismissal. That there is no equity is a mathematical determination as follows:

| | |
|---|---|
| Amount of sale based on value | +$297,200.00 |
| Less costs of sale at 8% | -$ 23,776.00 |
| Less first mortgage Proof of Claim No. 9 | -$206,773.38 |
| Less second mortgage Proof of Claim No 5 | -$ 41,370.00 |
| Proceeds of sale | +$ 25,280.62 |
| | |
| Debtor's ½ interest in proceeds | +$ 12,640.31 |
| Less homestead exemption | -$ 30,000.00 |
| Net proceeds | Zero |

WHEREFORE Debtor prays that the Trustee's Motion be denied entirely.

Dated this August 25, 2015.

      /s/     David M. Cook
Attorney for Debtor

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**
I hereby certify that on August 25, 2015, I electronically filed the foregoing Debtor's Response and Objection to Trustee's Motion to Convert Case to Chapter 7 or Motion to Dismiss with Prejudice under 11 U.S.C. §105(a) as the Debtor Has Participated in a Scheme to Delay, Hinder or Defraud Creditors under 11 U.S.C. §362(d)(4) with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.
List the name and email address for each party receiving electronic notice.

| | |
|---|---|
| Kevin R. Anderson | U.S. Trustee |
| Chapter 13 Trustee | Via ECF |
| Via ECF | |

**CERTIFICATE OF SERVICE –MAIL, OTHER**

I hereby certify that on August 25, 2015, I caused to be served a true and correct copy of the foregoing Debtor's Response and Objection to Trustee's Motion to Convert Case to Chapter 7 or Motion to Dismiss with Prejudice under 11 U.S.C. §105(a) as the Debtor Has Participated in a Scheme to Delay, Hinder or Defraud Creditors under 11 U.S.C. §362(d)(4) as follows:

__X__ Mail Service - By regular first class United States mail, postage fully pre-paid, addressed to: [If service is on fewer than all parties in interest, list names and complete addresses of all parties receiving notice by mail].

James Herman
13836 S. 2200 W.
Bluffdale, UT 84065

on this August 25, 2015.

                                                      /s/     David M. Cook

# Exhibit A - Trust Deeds of Record

9307135

When recorded, mail to:

LONG BEACH MORTGAGE COMPANY
P.O. BOX 201085
STOCKTON, CA 95202

Loan No. 6390068-7988

**WHEN RECORDED MAIL TO:**

9307135
02/24/2005 04:06 PM $33.00
Book - 9097 Pg - 9007-9018
GARY W. OTT
RECORDER, SALT LAKE COUNTY, UTAH
BACKMAN-STEWART TITLE SERVICES
BY: ZJM, DEPUTY - WI 12 P.

SPACE ABOVE THIS LINE FOR RECORDING DATA

5-004206         **DEED OF TRUST**

THIS DEED OF TRUST ("Security Instrument") is made    February    14, 2005    .
The trustor is   JAMES HERMAN

("Borrower"). The trustee is    STEWART TITLE GUARANTY CO

("Trustee"). The beneficiary is    LONG BEACH MORTGAGE COMPANY

which is organized and existing under the laws of the State of Delaware                    ,
and whose address is    1400 S. DOUGLASS RD., SUITE 100, ANAHEIM, CA 92806
                                                            ("Lender"). Borrower owes Lender
the principal sum of One Hundred Sixty Thousand and no/100-------------------------------------

Dollars (U.S. $ 160,000.00    ). This debt is evidenced by Borrower's note dated the same date as
this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid
earlier, due and payable on    March    1, 2035    . This Security Instrument secures
to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and

UTAH-Single Family-FNMA/FHLMC UNIFORM
          INSTRUMENT    Form 3045 9/90
-6H(UT) (9511).01    Amended
Page 1 of 8    Initial
   VMP MORTGAGE FORMS - (800)521-

TDUT1 (04/02/04) PC

BK 9097 PG 9007

agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in
SALT LAKE County, Utah:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of 13836 S 2200 WEST, BLUFFDALE [Street, City],
Utah 84065 [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), *unless another law that applies to the Funds sets a lesser amount.* If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
| [ ] Graduated Payment Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |
| [ ] VA Rider | [ ] Other(s) [specify] | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
JAMES HERMAN                -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)       _____ (Seal)
-Borrower                              -Borrower

_____ (Seal)       _____ (Seal)
-Borrower                              -Borrower

_____ (Seal)       _____ (Seal)
-Borrower                              -Borrower

STATE OF UTAH,           Davis        County ss:

The foregoing instrument was subscribed and sworn to and acknowledged before me this
8-17-05       by     James Herman

My Commission Expires: 7-29-08

Notary Public
Residing at: Layton, Utah

WILLIAM A AVIS
NOTARY PUBLIC - STATE OF UTAH
1558 N WOODLAND PARK DR #410
LAYTON, UT 84041
COMM. EXP. 03-29-2008

## SCHEDULE A

Order Number: S-004206

### LEGAL DESCRIPTION

Beginning at a point which is South 00 degrees 29'28" West 173.75 feet and North 89 degrees 30'52" West 33.00 feet from the East quarter corner of Section 4, Township 4 South, Range 1 West, Salt Lake Base and Meridian; and running thence South 00 degrees 29'08" West 100.00 feet; thence North 89 degrees 30'52" West 144.00 feet; thence South 88 degrees 29'08" West 176.00 feet; thence North 89 degrees 30'52" West 223.10 feet; thence South 00 degrees 29'08" West 118.66 feet; thence North 89 degrees 30'52" West 28.24 feet; thence North 00 degrees 29'08" East 394.66 feet; thence South 89 degrees 30'52" East 395.34 feet to the point of beginning.

Less and excepting:
Beginning at a point which is South 0 degrees 29'08" West 173.75 feet and North 89 degrees 30'52" West 33.00 feet from the East quarter corner of Section 4, Township 4 South, Range 1 West, Salt Lake Base and Meridian; which point is the beginning point of the lot description and thence 119.61 feet North 89 degrees 30'52" West to the true point of beginning, thence 278.67 feet South 82 degrees 09'21" West, thence 40.37 feet North 0 degrees 29'08" East thence 275.73 feet South 89 degrees 30'52" East to the point of beginning.

Parcel No.: 33-04-426-021

Commitment – Stewart Title Guaranty Co.
Backman Stewart Title Services, Ltd.

9307136

3

```
9307136
02/24/2005 04:07 PM $25.00
Book - 9097 Pg - 9019-9026
GARY W. OTT
RECORDER, SALT LAKE COUNTY, UTAH
BACKMAN-STEWART TITLE SERVICES
BY: ZJM, DEPUTY - WI 8 P.
```

WHEN RECORDED MAIL TO:
LONG BEACH MORTGAGE COMPANY
P.O. BOX 201085
STOCKTON, CA 95202

Loan No. 6390069-7988

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Tax Serial Number: 33-04-426-021

5-008552

# DEED OF TRUST

THIS DEED OF TRUST is made this **14th** day of **February** **2005**, among the Trustor, **JAMES HERMAN**

(herein "Borrower"),

**STEWART TITLE GUARANTY CO** (herein "Trustee"), and the Beneficiary,

**LONG BEACH MORTGAGE COMPANY**, a corporation organized and existing under the laws of **the State of Delaware**, whose address is **1400 S. DOUGLASS RD., SUITE 100, ANAHEIM, CA 92806**

(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property

UTAH - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

-76(UT) (0208)
Page 1 of 7
Initials:
Form
TDUT2ND1 (04/02/04) PC
VMP MORTGAGE FORMS - (800)521-7291

BK 9097 PG 9019

located in the County of   **SALT LAKE**                                                  , State of Utah:
**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

which has the address of   **13836 S 2200 WEST**                                  [Street],
**BLUFFDALE**                                      [City], Utah **84065**    [Zip Code]
(herein "Property Address");

    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

    TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **February   14, 2005**                    and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $   **40,000.00**           , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **March   1, 2035**               ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

    Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

    **1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

    **2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

    If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of

## SCHEDULE A

Order Number: 5-004206

### LEGAL DESCRIPTION

Beginning at a point which is South 00 degrees 29'28" West 173.75 feet and North 89 degrees 30'52" West 33.00 feet from the East quarter corner of Section 4, Township 4 South, Range 1 West, Salt Lake Base and Meridian; and running thence South 00 degrees 29'08" West 100.00 feet; thence North 89 degrees 30'52" West 144.00 feet; thence South 88 degrees 29'08" West 176.00 feet; thence North 89 degrees 30'52" West 223.10 feet; thence South 00 degrees 29'08" West 118.66 feet; thence North 89 degrees 30'52" West 28.24 feet; thence North 00 degrees 29'08" East 394.66 feet; thence South 89 degrees 30'52" East 395.34 feet to the point of beginning.

Less and excepting:
Beginning at a point which is South 0 degrees 29'08" West 173.75 feet and North 89 degrees 30'52" West 33.00 feet from the East quarter corner of Section 4, Township 4 South, Range 1 West, Salt Lake Base and Meridian; which point is the beginning point of the lot description and thence 119.61 feet North 89 degrees 30'52" West to the true point of beginning, thence 278.67 feet South 82 degrees 09'21" West, thence 40.37 feet North 0 degrees 29'08" East thence 275.73 feet South 89 degrees 30'52" East to the point of beginning.

Parcel No.: 33-04-426-021

Commitment – Stewart Title Guaranty Co.
Backman Stewart Title Services, Ltd.

2 of 9

BK 9097 PG 9026

STATE OF UTAH, _Davis_ County ss:

The foregoing instrument was subscribed and sworn to and acknowledged before me this _2-17-05_ by _James Herman_

My Commission Expires: _3-29-08_

_____
Notary Public
Residing at: _Layton, Utah_

WILLIAM A AVIS
NOTARY PUBLIC - STATE OF UTAH
1558 N WOODLAND PARK DR #410
LAYTON, UT 84041
COMM. EXP. 03-29-2008

-76(UT) (0208)
TDUT2ND7 (04/02/04) PC

Page 7 of 7

Form 3845
Loan No. 6390069-7988

BK 9097 PG 9025